Bruce E. Anderson v. Commissioner.
Anderson v. Commissioner
Docket No. 108953.
United States Tax Court
1942 Tax Ct. Memo LEXIS 29; 1 T.C.M. (CCH) 227; T.C.M. (RIA) 42650; 12/18/1942
*29 Thomas J. Bailey, Esq., and N. D. Harris, C.P.A., 1102 Olds Tower Bldg., Lansing, Mich., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. MELLOTT
Memorandum Findings of Fact and Opinion MELLOTT, Judge: This proceeding involves deficiencies in income tax for the years 1938 and 1939 in the respective amounts of $103.09 and $92.96 and claims for overpayment in the respective amounts of $37.47 and $34.24. The question is whether the value of meals and lodging received by petitioner from two hotels managed by him should be included in his gross income as compensation for services rendered. Findings of Fact Petitioner is an individual whose principal residence during the taxable years was at the Hotel Olds in Lansing, Michigan. His returns were duly filed with the collector of internal revenue for the eastern district of Michigan and the taxes shown to be due were paid. ($920.61 for 1938 and $737.99 for 1939.) During the taxable years petitioner was manager of the Hotel Olds at Lansing, Michigan, and the managing director of the Hotel Elkhart at Elkhart, Indiana. As such he was responsible for the efficient operation of each hotel. He received a salary of $12,000 *30 per annum from Hotel Olds during each year and from Hotel Elkhart he received $2,445.54 in 1938 and $2,612.43 in 1939. The owners and operators of each hotel were cognizant of the fact that services were being rendered by petitioner for the other and consented thereto. Hotel Olds was the larger and required the major portion of petitioner's time and attention. Because of the fact that most of its guests did not spend the week-end there - it is located in the capital of Michigan and its guests were composed largely of individuals having business with the state - petitioner's services for Hotel Elkhart were rendered principally over the week-ends, his practice being to drive down to Elkhart, Indiana, on Friday or Saturday and return on Sunday or Monday of each week. Petitioner owned 66 shares of Hotel Olds 3,000 shares of outstanding stock. He was its treasurer from the time of the construction of the hotel in 1926 until he became manager in July of 1931. He had previously been connected with the Belle Rive Hotel in Kansas City for ten years and before becoming manager of Hotel Olds was vice-president of a bank in Lansing, Michigan. Petitioner had no financial interest in the Hotel *31 Elkhart Operating Co. During the first year after petitioner became manager of Hotel Olds he attempted to live away from the hotel part of the time though it is customary for managers of hotels to live in them and to receive their lodging and meals free. He found that the arrangement was unsatisfactory and expensive and that his duties could not be performed satisfactorily so he took up his lodging at the hotel. The maintenance and support of a home during the year 1931 cost him, "in round figures," about $15,000. The question whether petitioner would or would not live in the hotel was never discussed between petitioner and the directors of the hotels. It was assumed that he would do so and the president of the company "considered that to be an essential of good management." Many matters come up at night requiring the supervision of a manager, among other things break-downs in electrical and mechanical equipment, "wild" parties, etc., and, although petitioner is not a mechanic he has always felt that he should be on the job to supervise the making of necessary repairs. The position of manager is recognized as a twenty-four hours a day task, notwithstanding the fact that assistant *32 managers are also employed. The reasonable value of meals and lodgings furnished to petitioner by the two hotels was $1200 per annum. In his return for the year 1938 he included in his gross income "Room and Meals $323.00." This was the amount shown on the books, corresponding and off-setting entries being made to expense. $257.25 was included under similar circumstances in his return for 1939. Petitioner's residence at the hotels was not for his personal convenience, comfort or pleasure but for the purpose of enabling him to perform his work efficiently. His compensation was fixed without reference to his meals and lodging and neither he nor his employer ever regarded them as part of his compensation. The petition herein was filed on October 20, 1941, and the income taxes assessed against petitioner for the taxable years were paid within three years before it was filed. Opinion Much that was said in Arthur Benaglia, 36 B.T.A. 838, would be apposite here. The evidence indicates and finding has been made that petitioner's residence at the hotels was not for his personal convenience, comfort or pleasure but for the purpose of enabling him to do his *33 work efficiently. Borrowing the language used in the Benaglia case: The demands and requirements of guests are numerous, various and unpredictable, and affect the meals, the rooms, the entertainment and everything else about the hotel. The manager must be alert to all these things day and night. The regulations of the department, amended since the promulgation of the opinion in the Benaglia case, now provide that: * * * if * * * living quarters and meals are furnished to employees for the convenience of the employer, the value thereof need not be computed and added to the compensation otherwise received * * * (T.D. 4965, approved February 29, 1940.) The president of the company employing petitioner stated that it was always the practice of the managers of their various hotels to live in them and that this was considered "to be an essential of good management." Under cross-examination he stated that if a manager did not live in the hotel that would be considered by the board of directors as ground for discharge. Petitioner, having been treasurer of the company for several years prior to becoming manager, knew of this policy and, as he expressed it, "assumed that *34 he would be required to live in the hotel even though it was not specifically mentioned". In this the facts are not unlike those in the Benaglia case; for, as shown in the opinion, "Both [the employer and the employee] took it for granted." On the authority of the cited case the present controversy must be, and it is, resolved in favor of petitioner. Overpayment of tax in each year results. The amount shown in the notice of deficiency and petition as having been included by petitioner in his gross income for 1939 cannot be reconciled with the evidence in this proceeding. Decision will be entered under Rule 50.